UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FERNANDO ORTIZ-MONDRAGON,　　　　　　　　　Case No. 15-cv-1412-pp

　　　　　Petitioner,

v.

DENISE SYMDON,

　　　　　Respondent.

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION, AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

Fernando Ortiz-Mondragon, a native and citizen of Mexico who is represented by counsel, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee.

I.　　**BACKGROUND**

In the Circuit Court of Brown County, Wisconsin, the petitioner was charged with (1) substantial battery, domestic abuse; (2) criminal damage to property, domestic abuse; (3) disorderly conduct, domestic abuse; (4) false imprisonment, domestic abuse; and (5) felony intimidation of a victim, domestic abuse. Dkt. No. 1-2, at 1. The petitioner was represented by counsel in the trial court, and he entered a no-contest plea to the charges of substantial battery, criminal damage to property, and disorderly conduct; the remaining counts were dismissed. Dkt. No. 1-1 at 2.

1

Before the plea hearing and sentencing, the petitioner signed a plea questionnaire in which he confirmed that he understood that his plea "could result in deportation, the exclusion of admission to this county, or the denial of naturalization under federal law." Dkt. No. 1-2 at 2. At the sentencing hearing, the trial court withheld sentencing and ordered the petitioner to serve a three-year term of probation. Id. As a condition of probation, the court ordered the petitioner to serve four months in jail. Id. After the petitioner served his jail time, he was taken into custody by United States Immigration and Customs Enforcement ("ICE"), and the government commenced removal proceedings against him. The petitioner agreed to voluntarily leave the United States in order to avoid being deported. Id.

The petitioner then filed a post-conviction motion in the Brown County Circuit Court, seeking to withdraw his no-contest plea. Wisconsin v. Ortiz-Mondragen, 2012CF001101, available at https://wcca/wicourts.gov; Dkt. No. 1-3 at 1-2. The petitioner argued that his trial counsel rendered ineffective assistance by failing to advise him of the possible immigration consequences of his plea. Id. at 1-2. The trial court denied that motion. Id. at 3. The petitioner appealed the trial court's decision to the Wisconsin Court of Appeals and the Wisconsin Supreme Court, both of which affirmed the trial court's order. Id. at 9; State v. Ortiz-Mondragon, 2013AP002435, available at https://wscca.wicourts.gov. The Wisconsin Supreme Court granted review, and affirmed the Court of Appeals' decision. Dkt. No. 1-4.

2

The petitioner subsequently filed this federal petition. The petition sets forth one ground for *habeas* relief: the petitioner's claim that he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel "failed to provide him with specific advice about the adverse immigration consequences that would result from his plea to substantial battery, domestic abuse." Dkt. No. 1 at 14. The petitioner contends that the court should grant his petition, enter an order vacating his state court convictions and remand the case to the state court for a hearing on whether the petitioner's trial counsel rendered ineffective assistance and caused prejudice to the petitioner. Id. at 12.

## II. THE PETITIONER MAY PROCEED ON HIS CLAIM THAT HIS TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE.

The court will now proceed to review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

3

The petitioner claims that his no-contest plea in state court resulted from his trial counsel's failure, under the Sixth Amendment of the Constitution, to provide him with effective assistance of counsel. Specifically, he alleges that his trial counsel did not specifically advise him that his conviction for substantial battery, domestic abuse, could be considered a crime of moral turpitude, which would render the petitioner removable from the United States under 8 U.S.C. §1227(a)(2)(A)(i). The petitioner contends that the plea questionnaire he signed was not sufficient to establish that he understood the immigration consequences of his plea, notwithstanding the statements to which he agreed in that document. The court finds that the petitioner has stated Sixth Amendment claim that is cognizable on *habeas* review.

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner exhausted his state remedies on this claim. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526

4

U.S. 838, 845, 119 S. Ct. 1728, 1733 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18, 92 S. Ct. 1048, 1055 n. 16 (1972). From the face of the petition and the attachments to the petition, it appears that the petitioner has satisfied this requirement; at this preliminary stage, it appears that he presented his claims to each level of the Wisconsin state courts and was denied relief. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion question; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims, or from filing pleadings based on that argument.

Finally, the court considers whether the petitioner procedurally defaulted his claim. Even if a petitioner has exhausted review of his constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires."

5

Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no procedural default from the face of the petition. Therefore the court will allow the petitioner's *habeas* case to proceed.

**III.    CONCLUSION**

The court **ORDERS** that the petitioner may proceed on his claim that his trial counsel violated his Sixth Amendment right to counsel in failing to fully advise him to the immigration consequences of his guilty plea.

The court **ORDERS** that within **sixty** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the

6

respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to Denise Symdon, Administrator of the Wisconsin Division of Community Corrections.

Dated in Milwaukee, Wisconsin this 7th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge